TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
Assistant United States Attorney
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2272
     Facsimile: (213) 894-2275
     E-mail:    joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-196-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT OSCAR SANCHEZ |
| v. | |
| OSCAR SANCHEZ, | Hearing Date: June 14, 2021 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Joseph T. McNally, hereby files its sentencing position as to defendant Oscar Sanchez.

This sentencing position is based upon the attached memorandum of points and authorities, the presentence investigation report and disclosed recommendation letter, the files and records in this case,

//
//
//
//

and such further evidence and argument as the Court may permit.

Dated: May 20, 2021              Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                        /s/
                                 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                 JOSEPH T. MCNALLY
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Over a two-year period, defendant laundered more than $900,000 for Mexico-based narcotics traffickers. Defendant's conduct assisted large-scale traffickers moving their proceeds to Mexico. The government has no objections to the pre-sentence report. For the reasons described below, it recommends the Court sentence defendant to 57 months' imprisonment.

**II.   OFFENSE CONDUCT**

*a.   The Money Laundering Scheme*

Beginning at least in 2017 and continuing through 2019, defendant laundered money from the United States to Mexico through a Black Market Peso Exchange. Co-conspirators, based in Mexico, told narcotics traffickers to deliver proceeds to defendant in Los Angeles. The drug traffickers contacted defendant and used coded language to arrange delivery of money. Defendant met the drug traffickers at his business in downtown Los Angeles and other locations where he received the money. Using coded language, defendant reported to his co-conspirators the amount of money received. The co-conspirators directed defendant to provide the money to third parties in the U.S. and pay invoices at Los Angeles-based businesses. Defendant provided the money to third parties and attempted to use the money to pay Los Angeles-based businesses in order to conceal the source of the money. The third parties who received the money in the U.S. directed payments to be made to co-conspirators in Mexico, which completed the money laundering cycle.

                *b.    Examples of Transactions*

On June 2, 2017, law enforcement intercepted a telephone call where a Washington state-based drug trafficker spoke to defendant and told defendant that a co-conspirator asked for him to call. Defendant agreed to meet the Washington state-based trafficker the following day at defendant's warehouse in Los Angeles because he could not deliver money on the street.  The following day, the Washington state-based trafficker and defendant met at defendant's warehouse where the Washington state-based trafficker delivered U.S. currency.  On or about June 25, 2017, DEA agents searched the car drive to the meeting with defendant on June 6, 2017 and found two after-market made hidden compartments $75,000 and $346,320.00.  The money that the Washington state-based trafficker delivered was proceeds of the unlawful sale and distribution of controlled substances.  Defendant knew that the money was the proceeds of illegal activity that was a felony under federal and state law. Defendant agreed to transfer it to a third party in order to conceal the source of the proceeds.

On August 29, 2018, a California-based drug trafficker was intercepted on a telephone speaking to defendant and told defendant that he was calling on a Mexico-based co-conspirator's behalf and that he was instructed to deliver something.  Defendant asked if he would be delivering "merchandise", which was coded language for money and agreed to meet.  Defendant then met with the trafficker in Los Angeles where he received U.S. currency.  Shortly after the meeting, a Mexico-based co-conspirator called defendant and asked defendant if someone stopped by to take defendant some "samples", which was coded language for money.  Defendant said there were a total of 34 "bras",

which was coded language for $34,000.  The money that defendant received was the proceeds of the unlawful sale and distribution of controlled substances.  Defendant knew that the money was the proceeds of illegal activity that was a felony under federal and state law.  In total, defendant laundered at least $914,641.35 in narcotics proceeds.

**III. SENTENCING GUIDELINES**

The United States Probation Office ("USPO") calculated the advisory Sentencing Guidelines range as follows:

| | | |
|---|---|---|
| Base Offense Level: | 22 | USSG §2S1.1(a)(2) |
| Loss over $500,000: | 6 | USSG §2S1.1(b)(1) |
| Conviction for § 1956: | 2 | USSG §2S1.1(b)(2)(B) |
| Acceptance of Responsibility: | -3 | USSG §3E1.1 |
| **Total Offense Level:** | <u>27</u> | |

(PSR ¶¶ 33-43.)

Defendant has no scorable criminal convictions, which places him in criminal history category I.  (PSR ¶¶ 45-49.)  Based on an offense level of 27 and a criminal history category of I, the Guidelines range is 70-87 months' imprisonment.  (PSR ¶ 90.)  The USPO recommends a sentence of 57 months' imprisonment, three years of supervised release, $25,000 fine, and a $100 special assessment. (Disclosed Rec. Letter.)

**IV.  GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends the Court sentence defendant to 57 months' imprisonment.  The recommended sentence is necessary to reflect the seriousness of the offense and deter others.  By assisting members of Mexico-based narcotics trafficking organizations move their proceeds to Mexico, defendant contributed to the cycle of

3

narcotics distribution that causes substantial harm to communities in the United States.  Defendant's use of coded language during dozens of intercepted calls demonstrate that he was deeply involved in the conduct.  Moreover, the conduct was sophisticated because it moved the narcotics proceeds through legitimate businesses.  There is a substantial need for general deterrence.  Money laundering schemes such as this are difficult to detect and generally successful in moving large amounts of narcotics proceeds to Mexico.  A substantial term of imprisonment here serves as a strong deterrent to others who may be tempted to engage in sophisticated money laundering.

**V.  FINE**

The government has no objection to the fine recommendation.  The fine will also disgorge defendant of profits he received through the criminal conduct.  Money brokers like defendant generally charge 1-3% for moving narcotics proceeds.  Defendant reported that he received 1 to 1.5%.[1]  The fine would fully disgorge him of his proceeds if he received anywhere between 1-3% commission.

**VI.  CONCLUSION**

For the foregoing reasons, the government respectfully recommends a sentence of 57 months' imprisonment, three years' supervised release, $25,000 fine, and a special assessment of $100.

---

[1] Obviously, the harm from the offense is not what defendant personally profited – it is the amount of drug proceeds that he moved to Mexico for the traffickers.

4

**CERTIFICATE OF SERVICE**

I, Joseph T. McNally, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 N Spring Street, Los Angeles, CA 92701; and that I am over the age of 18;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on May 17, 2021, I sent by email, a copy of:

**Government's Sentencing Position re Oscar Sanchez**

**Addendum**

to USPO Leslie Crews and David Munoz.

This Certificate is executed on May 20, 2021 at Orange County, California.  I certify under penalty of perjury that the foregoing is true and correct.

/S/

JOSEPH T. MCNALLY